**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANA UNIVERSITY CENTER FOR SEXUAL HEALTH PROMOTION | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| EIS, INC. | § | Oral Argument Requested |
| | § | |
| Respondent. | § | |
| | § | |
| | § | |

**TRUSTEES OF INDIANA UNIVERSITY'S MOTION TO QUASH EIS, INC.'S SUBPOENAS TO PRODUCE DOCUMENTS AND TO TESTIFY ISSUED TO NON-PARTY INDIANA UNIVERSITY CENTER FOR SEXUAL HEALTH PROMOTION**

TABLE OF CONTENTS

INTRODUCTION ........................................ 1
ARGUMENT ........................................ 1
A. The Court has Jurisdiction to Quash the Subpoenas ........................................ 1
B. The Federal Rules Prevent Dr. Herbenick's Deposition Prior to Her Written Report ........................................ 2
C. Service of the Subpoenas *Ad Testificandum* is Invalid by Statute and Should be Quashed ........................................ 2
D. Rule 45 Subpoenas on Retained Experts is an Impermissible End-Run Around Rule 26 ........................................ 3
E. The Subpoena is Facially Overbroad, Imposes an Undue Burden, and Fails to Allow a Reasonable Time for Compliance ........................................ 4
CONCLUSION ........................................ 7

# TABLE OF AUTHORITIES

## Cases

*Arthrex, Inc. v. Parcus Med.*, LLC,
No. 1:11-MC-00107-SEB-DML, 2011 WL 6415540 (S.D. Ind. Dec. 21, 2011) ....................... 6

*BioConvergence LLC v. Attariwala*,
No. 1:20-MC-00066-SEB-TAB, 2020 WL 6566161 (S.D. Ind. Nov. 9, 2020).......................... 2

*Charles v. Quality Carriers, Inc.*,
No. 1:08CV00428-RLY-JMS, 2010 WL 396356 (S.D. Ind. Jan. 28, 2010)........................... 5, 6

*Cusumano v. Microsoft Corp.*,
162 F.3d 708 (1st Cir. 1998) ............................................................................................. 6

*Duffy v. Kent Cty. Levy Ct.*,
800 F. Supp. 2d 624, 629 (D. Del. 2011) ........................................................................ 2, 3

*Greer v. Anglemeyer*,
No. 3:93-CV-649RP, 1996 WL 56557 (N.D. Ind. Jan. 5, 1996) ........................................ 3, 4

*In re TQ Delta*,
No. CV 17-MC-328-RGA, 2018 WL 5033756 (D. Del. Oct. 17, 2018) .................................. 5

*Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*,
211 F.R.D. 685 (N.D. Ga. 2002)........................................................................................ 2

*Marsh v. Jackson*,
141 F.R.D. 431 (W.D. Va. 1992) ........................................................................................ 3

*Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*,
No. 15-CV-4015-LTS, 2017 WL 1380460 (N.D. Iowa Apr. 17, 2017) .................................... 4

*Newport News Holdings, LLC v. Great Am. Ins. Co.*,
No. 4:17CV124, 2018 WL 640426 (E.D. Va. Jan. 31, 2018); .................................................. 3

## Other Authorities

Fed. R. Civ. P. 26(b)(4)(A) ................................................................................................. 2

Fed. R. Civ. P. 45(b)(1)........................................................................................................ 2

Fed. R. Civ. P. 45(c)(3)(A)(i) ............................................................................................... 6

Fed. R. Civ. P. 45(d)(3)........................................................................................................ 1

Fed. R. Civ. P. 45(d)(3)(A) ........ 1

Fed. R. Civ. P. 45(d)(3)(A)(iv) ........ 5

Fed. R. Civ. P. 45(f) ........ 1

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 45(d)(3), The Trustees of Indiana University, improperly denominated as the Indiana University Center for Sexual Health Promotion ("IU"), respectfully submit this Motion to Quash the subpoenas served by EIS, Inc. ("EIS"). The subpoenas to IU undoubtedly target IU's employee and current Director of the Center for Sexual Health Promotion, Dr. Debra Herbenick. Dr. Herbenick is a retained expert in the ongoing litigation between EIS and the WOW Tech group. IU makes this request on the grounds that EIS's Rule 45 subpoenas are improper attempts to circumvent the limitations imposed by Rule 26 and the scheduling order and discovery procedures in at least the District of Delaware action. Engaging in nothing more than a classic "fishing expedition," EIS demands Dr. Herbenick turn over her entire life's work, including her work with IU, in an attempt to locate prior art that, if it exists at all, is likely cumulative of the prior art references already known to EIS and, more importantly, the U.S. Patent and Trademark Office.

IU also consents, under Fed. R. Civ. P. 45(f), to transfer its motion to quash to the U.S. District Court for the District of Delaware, which issued the subpoenas in connection with a patent infringement and antitrust litigation between EIS and the WOW Tech group. Additionally, IU is informed that a motion for protective order relating to the instant subpoenas will be filed by the WOW Tech group in the Delaware Action, and respectfully suggests that both motions should be decided together by Chief Judge Leonard Stark, who is presiding over the Delaware Action.

## ARGUMENT

### A. The Court has Jurisdiction to Quash the Subpoenas

As a threshold matter, this Court has jurisdiction over the subpoenas EIS served on Dr. Herbenick and Indiana University, pursuant to Rule 45, because EIS attempted to serve the subpoenas in this district. Fed. R. Civ. P. 45(d)(3)(A).

### B. The Federal Rules Prevent Dr. Herbenick's Deposition Prior to Her Written Report

FRCP 26(b)(4)(A) states:

> Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, **the deposition may be conducted <u>only</u> <u>*after*</u> the report is provided**.

(emphasis added). Dr. Herbenick's written expert report is apparently due on June 15, 2022. Any deposition of Dr. Herbenick prior to that date is improper. *BioConvergence LLC v. Attariwala*, No. 1:20-MC-00066-SEB-TAB, 2020 WL 6566161, at *2 (S.D. Ind. Nov. 9, 2020) (quashing subpoena on retained expert prior to expert serving expert disclosures as premature). Consequently, the subpoena requesting IU designate a witness for deposition knowing that Dr. Herbenick is the most knowledgeable representative, is an attempt to acquire her deposition before her expert report is served. Consequently, EIS's subpoena on IU for deposition on September 29, 2021, must be quashed.

### C. Service of the Subpoenas *Ad Testificandum* is Invalid by Statute and Should be Quashed

The subpoenas *ad testificandum* served on IU was served without witness or mileage fees. Rule 45(b)(1) of the Federal Rules of Civil Procedure states:

> Serving a subpoena **requires** delivering a copy to the named person and, if the subpoena requires that person's attendance, ***tendering the fees for 1 day's attendance and the mileage allowed by law.***

(emphasis added). The plain language of the rule means that service is not valid unless the fees are tendered. *Duffy v. Kent Cty. Levy Ct.*, 800 F. Supp. 2d 624, 629 (D. Del. 2011). This failure alone is sufficient to allow IU to refuse to appear at the depositions. *Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002). The subpoenas *ad*

*testificandum* issued to IU must be quashed due to EIS's failure to abide by the plain language of Rule 45. *Duffy*, 800 F. Supp. 2d at 629.

### D. Rule 45 Subpoenas on Retained Experts is an Impermissible End-Run Around Rule 26

EIS cannot use a Rule 45 subpoena to an expert retained in an ongoing litigation to obtain that expert's documents. Knowing this, EIS's strategy to circumvent the caselaw is to issue the subpoenas on IU, Dr. Herbenick's employer, and request categories of documents and topics for examination that Dr. Herbenick apparently testified about in the IPRs.

Courts hold that a Rule 45 subpoena to an expert is an evasion of the process for expert discovery and is an impermissible end-run around the framework for expert discovery under Rule 26. *Greer v. Anglemeyer*, No. 3:93-CV-649RP, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996); *Newport News Holdings, LLC v. Great Am. Ins. Co.*, No. 4:17CV124, 2018 WL 640426, at *2 (E.D. Va. Jan. 31, 2018); *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. 1992).

The district court's discussion in *Marsh* is instructive. In *Marsh*, the plaintiff moved to quash subpoenas seeking information from his retained experts, arguing the subpoena was an improper attempt to evade the normal Rule 26 expert discovery rules. The court agreed, finding that "[n]one of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." The motion to quash the subpoena was granted pursuant to Rule 26(b)(4) on the grounds that its limitations apply to regulate "the right of access by an opposing party to the evidence of experts who have been retained to testify in the case." *Marsh*, 141 F.R.D. at 432.

Likewise, Northern District of Indiana has similarly relied on *Marsh* to quash subpoenas on retained experts. *Greer*, 1996 WL 56557, at *2. In *Greer*, the defendant served subpoenas on plaintiff's retained expert and the expert's employer. The court, relying on *Marsh*, held that the defendant "may not use a Rule 45 subpoena to obtain [the expert's] records because Rule 26(b)(4) limits his right of access to those records." *Id*.

Here, in addition to serving subpoenas for documents and for a deposition on Dr. Herbenick, EIS took the extra and burdensome step of serving her employer, The Trustees of Indiana University, to seek the same documents and deposition. EIS does not get to circumvent the caselaw by going over her head to her employer to request the same information. *See Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*, No. 15-CV-4015-LTS, 2017 WL 1380460, at *4 (N.D. Iowa Apr. 17, 2017) (granting motion to quash on expert witness' nonparty employer and preventing requesting party from side-stepping procedure outlined in Rule 26 for expert discovery).

**E. The Subpoena is Facially Overbroad, Imposes an Undue Burden, and Fails to Allow a Reasonable Time for Compliance**

EIS's subpoena is facially overbroad, seeking documents related to "all sexual stimulation devices", "any sexual stimulation device" and "[a]ll publications…relating to any sexual stimulation device…" The '097 Patent, the '061 Patent, the '851 Patent, and the '220 Patent all relate to sexual stimulation devices that include the modulation of positive and negative pressures to stimulate the clitoris, among other features. "Any sexual stimulation device" is facially overbroad and includes sexual stimulation devices that have no relevance to the technology or patents at issue. Dr. Herbenick and IU established the Center for Sexual Health Promotion in 2014, and Dr. Herbenick has studied human sexuality and worked on sexual stimulation devices for more than 20 years. Requiring IU and Dr. Herbenick to go through her life's work and all of the documents in the IU department in which the Center for Sexual Health Promotion is housed to

collect all documents relating to any and all sexual stimulation device that she, or her team, tested or conducted trials on is facially overbroad. Because the subpoena is facially overbroad, the subpoena should be quashed.

Further, EIS's subpoena unquestionably imposes an undue burden on IU (as well as Dr. Herbenick, its employee), a separate and independent reason the Court should quash it. Fed. R. Civ. P. 45(d)(3)(A)(iv). Whether a subpoena imposes an undue burden is a question of reasonableness determined by balancing the benefits and burdens of the requested discovery, and whether the information is obtainable from an alternative source. Courts look to various factors in determining whether a subpoena presents an undue burden including (i) the relevance of the requested information; (ii) the requesting party's need for the information; (iii) the breadth of the documents requests; (iv) the time period covered by the requests; (v) the particularity with which the documents are described; and (vi) the burden imposed, including the expense and inconvenience to the nonparty to whom a request is made. *In re TQ Delta*, No. CV 17-MC-328-RGA, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018); *Charles v. Quality Carriers, Inc.*, No. 1:08CV00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010).

The burden on IU to comply with the subpoena is onerous. The subpoena covers nearly all of Dr. Herbenick's work over her 20-year career, essentially requiring her to turn over keys to her IU department's offices. IU would need to review thousands of documents, potentially tens of thousands, to collect documents that span her 20+ year career. Additionally, Dr. Herbenick's documents are not stored in a single location and the relevant IU department is not organized in such a way that would allow a departmental representative to easily find responsive documents. It is IU's understanding that Dr. Herbenick has either been on sabbatical or has been working from home in the recent past and most likely has not been in her office since March 2020. This

establishes yet another burden upon an IU employee, or employee. Moreover, responsive documents cannot be located by using search terms such as "vibrator" or "sexual stimulation device" because, to the best of IU's knowledge, all of Dr. Herbenick's work relates to sexual health and behavior, and those search terms would yield a high return of non-responsive documents that would require lengthy review. "[T]he court must be especially vigilant to protect the non-party from undue burden and expense" when non-party discovery under Rule 45 is at issue. *Arthrex, Inc. v. Parcus Med.*, LLC, No. 1:11-MC-00107-SEB-DML, 2011 WL 6415540, at *5 (S.D. Ind. Dec. 21, 2011).

The undue burden calculus is also more protective of non-parties than it is for parties, so relevance alone does not always justify a subpoena. *Quality Carriers, Inc.*, 2010 WL 396356, at *1 (*citing e.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)) ("Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). Because the subpoena is unduly burdensome, the subpoena should be quashed.

Finally, the subpoena should be quashed because it seeks nearly all of an entire department's documents, but only provides 19 days for compliance. Rule 45(c)(3)(A)(i), governing the service of subpoenas, requires that a subpoena provide a "reasonable time" for compliance. Here, EIS's overbroad subpoena will require massive amounts of time, money, and effort to search for and review records to the overbroad requests contained in the subpoena. Because the 19 days provided for in the subpoena is not reasonable, the subpoena should be quashed.

**CONCLUSION**

Based on the foregoing, this Court should grant IU's Motion to Quash Subpoenas and award all other appropriate relief.

Respectfully submitted,

Thomas Gannon

Thomas Gannon, Attorney No.: 15433-55
Attorney for Movant

The Trustees of Indiana University
Office of the Vice President and General Counsel
University Hall 5030
301 University Blvd.
Indianapolis, IN 46202
Phone: (317) 274-7465
Fax: (317) 274-7470
tgannon@iu.edu

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record via electronic or U.S. mail postage pre-paid on this the 17th day of September, 2021.

Naveen Modi
2050 M Street NW
Washington, DC 20036
naveenmodi@paulhastings.com

Jack B. Blumenfeld
Brian P. Egan
MORRIS NICHOLS ARSHT & TUNNELL, LLP
jblumenfeld@mnat.com
began@mnat.com

Paul D. Brown
Joseph B. Cicero
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
brown@chipmanbrown.com
cicero@chipmanbrown.com

Tammy J. Dunn
Califf Cooper
OSHA BERGMAN WATANABE & BURTON
Two Houston Center
909 Fannin, Suite 3500
Houston, TX 77010

*Thomas Gannon*

Thomas Gannon, Attorney No.: 15433-55
Attorney for Movant